```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
HARLAN FRANKEL,

                Plaintiff,

         v.                            11-CV-7973 (DAB)(RLE)
                                       MEMORANDUM AND ORDER
NEW YORK STATE OFFICE OF CHILDREN
& FAMILY SERVICES, GLADYS CARRION,
RICHARD TRUDEAU, POLA EISENSTEIN-
ROSAN, KIETH BERGMANN, MICHAEL
DECELLE, BERNETT MARION, EMMILINE
MURPHY, and LOIS SHAPIRO,

                Defendants.
---------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

This matter is before the Court on a Report and Recommendation from United States Magistrate Judge Ronald L. Ellis dated April 29, 2013, which recommends granting Defendants' Motion to Dismiss and entering judgment for Defendants. Plaintiff filed timely objections to the Report. For the reasons stated herein, this Court ADOPTS the Report as modified herein, GRANTS Defendants' Motion to Dismiss, and directs the Clerk of Court to enter judgment for Defendants.

### I. Background

Pro se Plaintiff, Harlan Frankel, filed a complaint against the New York State Office of Children & Family Services ("OCFS")

and eight individual defendants asserting claims under 42 U.S.C. § 1983 for purported retaliation in violation of the First Amendment of the United States Constitution, and for alleged violations of the Due Process Clause of the Fourteenth Amendment and Article 1, Section 6 of the New York State Constitution. Plaintiff also brought common law claims for intentional infliction of emotional distress.  Defendants moved to dismiss, and the Honorable Ronald L. Ellis issued a Report recommending that this Court grant Defendants' Motion to Dismiss in its entirety ("Report").  The Court incorporates the recitation of the facts as provided by Judge Ellis in his Report.

II. Discussion

    A. Standard of Review for a Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(c).  The Court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record.  Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted).  A district court must review de novo

"those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted).

While 28 U.S.C. § 636(b)(1) and Rule 72(b) give the Court discretion to consider additional material that was not submitted to the magistrate judge, <u>Hynes v. Squillace</u>, 143 F. 3d 653, 656 (2d Cir. 1998), a party has no right to present additional evidence when the party provides no justification for not offering the evidence in its submissions to the magistrate.  <u>See, e.g.</u>, <u>Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers</u>, 894 F.2d 36, 40 n.3 (2d Cir. 1990); <u>Azkour v. Little Rest Twelve, Inc.</u>, No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012)

3

("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge.") (internal quotations omitted).  Accepting new evidence is disfavored absent a compelling reason because doing so "would reduce the magistrate's work to something akin to a meaningless dress rehearsal."  Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).  Despite the general leniency accorded to pro se parties, courts generally do not allow pro se parties to litigate matters in their objections that were not presented to the magistrate judge.  Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010); see also Litchmore v. Williams, 11 CIV. 7546, 2013 WL 3975956, at *2 (S.D.N.Y. Aug. 5, 2013) (collecting cases).

   After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate.  28 U.S.C. § 636(b)(1)(C).

## B. The Report's Recommendation

Judge Ellis' Report recommends that: (1) Plaintiff's federal claims against OCFS and the individual Defendants sued in their official capacities be DISMISSED because they are barred by the Eleventh Amendment; (2) Plaintiff's claims under 42 U.S.C. § 1983 that occurred prior to November 4, 2008, be dismissed because they are time-barred by the three-year statute of limitations; (3) Plaintiff's intentional infliction of emotional distress claim be dismissed because it is barred by New York's one-year statute of limitations; (4) Plaintiff's First Amendment retaliation claims be dismissed because the allegations in the complaint do not establish that Plaintiff engaged in constitutionally protected speech and was subjected to adverse employment action as a result; (5) Plaintiff's due process claims be dismissed because Plaintiff failed to pursue a New York Civil Practice Law and Rules Article 78 proceeding as an adequate post-resignation remedy; (6) Plaintiff's claims against Defendants Carrion and Murphy be dismissed because Plaintiff failed to allege that Carrion and Murphy were directly or personally responsible for the relevant events; and (7) Plaintiff's claims against the individually named defendants be dismissed because they are entitled to qualified immunity.

(Report 2-3.)  The Court will analyze each of the Report's recommendations in conjunction with Plaintiff's objections.

1. Standard

Defendants moved to dismiss under Rule 12(b)(1) and 12(b)(6).  The Report analyzed the 12(b)(1) motion first, because dismissal for lack of subject matter jurisdiction would render all other issues moot.  Neither party objected to the standards used to analyze the motion under Federal Rule of Civil Procedure 12(b)(1) and (6) or that Judge Ellis ruled on the 12(b)(1) motion first.  The Court reviews this portion of the Report for clear error and finds none.

2. Section 1983 Claims Against OCFS and Individual Defendants

The Report recommends dismissing Plaintiff's federal claims against OCFS and the individual Defendants because they are barred by the Eleventh Amendment of the United States Constitution. (Report 9.)  Plaintiff conceded in his objections that the Eleventh Amendment bars his claims against the State Agency. (Pl.'s Objections 2.)  Neither party explicitly objected to the Report's recommendation that claims against the individual Defendants are barred by the Eleventh Amendment.

6

States, state agencies, and state officials sued in their official capacities for monetary relief are not suable "persons" for the purpose of Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). State officials, sued in their official capacity, are suable persons however when sued for prospective relief. Id. n. 10. The Eleventh Amendment separately bars claims for monetary relief against a state, state agency, or state officials sued in an official capacity. See, e.g., Berman Enters., Inc. v. Jorling, 3 F.3d 602, 606-07 (2d Cir. 1993). The Eleventh Amendment does not bar, however, suits for injunctive or declaratory relief against state officials in their official capacities. Id.; see also Verizon Maryland Inc. v. Public Serv. Comm'n, 535 U.S. 635, 645 (2002).

The Court finds no clear error in the Report's finding that the OCFS is not a "person" under Section 1983, and that a state agency cannot be sued under Section 1983. (Report 9 (citing Quern v. Jordan, 440 U.S. 332, 341-42 (1979); Will, 491 U.S. 58; Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004).) Because the Eleventh Amendment bars damages claims against a state employee sued in his or her official capacity, Berman, 3 F.3d at 606, the Court finds no clear error in the Report's recommendation that claims for damages against the individual defendants in their official capacity be dismissed as well. The Court limits the Report's recommendation of dismissal as to the

7

individual defendants to damages claims only.[1]  Accordingly, all claims against OCFS and the damages claims against individual defendants in their official capacities are DISMISSED.

### 3. Plaintiff's Due Process Claims

The Report recommends dismissing Plaintiff's due process claims because Plaintiff failed to avail himself of available state remedies.  (Report 10.)  Plaintiff does not specifically object to the Report's recommendation but instead argues for the first time that he could not avail himself of state remedies out of fear that one of the individual defendants may lie during state administrative proceedings.  (Pl.'s Objections. 8-9.)  This argument is procedurally improper, being brought for the first time in Plaintiff's objections to the Report.  See, e.g., Vega, 2002 WL 31174466, at *1.  Further, the argument is legally irrelevant.

Plaintiff has not been deprived of due process because the State provides an adequate procedural remedy, an Article 78 proceeding, and the Plaintiff has not availed himself of that

---

[1] While claims for damages against state agencies and defendants in their official capacities are barred by the Eleventh Amendment, claims for declaratory relief are actionable in federal court.  See Verizon, 535 U.S. at 645; Berman, 3 F.3d at 606-07.  As discussed in detail below, Plaintiff's claims for declaratory relief fail, however, both on the merits and because of the relevant statutes of limitation.

remedy.  See New York State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 169 (2d Cir. 2001) (holding that even if NY state agency subjected discrimination claims to unreasonable delays in processing, plaintiffs could have brought an Article 78 proceeding to mandamus Division officials to perform certain acts and thus plaintiffs had adequate process); see also Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 468 n.12 (2d Cir. 2006) ("When § 1983 claims allege procedural due process violations, we nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all. . . . [A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies.").  As such, the Court finds no clear error in the Report's recommendation that the Plaintiff's due process claims be dismissed.

### 4. Statute of Limitations for Section 1983 Claims

The Report recommends dismissing Plaintiff's Section 1983 claims because the events that constitute the subject of Plaintiff's claims occurred more than three years before Plaintiff filed the lawsuit.  (Report 13-14.)  Section 1983

9

claims have a three year statute of limitations unless the Plaintiff presents evidence of a continuing violation. Young v. Strack, 05 Civ. 9764, 2007 WL 1575256, at *4 (S.D.N.Y. May 29, 2007) (citations omitted).[2] Discrete or isolated acts are insufficient to invoke the continuing violation doctrine. Id.[3]

The Report concluded that Plaintiff alleged nothing more than isolated incidents of alleged illegal conduct, rather than a pattern of discriminatory conduct. (Report 13-14.) Plaintiff did not specifically object to this finding. Instead, Plaintiff argues for the first time in his Objections that there is no statute of limitations for a claim of "misconduct by state employees," and thus the Court should use the six year statute of limitations provided under Section 213 of the New York Civil

---

[2] The continuing violation doctrine generally allows courts to consider conduct that would be barred as untimely where the untimely conduct constitutes an ongoing policy or discrimination even though certain acts, standing alone, would be barred by the statute of limitations. Young, 2007 WL 1575256, at *4 (citations omitted). The doctrine is disfavored absent a showing of compelling circumstances. Id. Plaintiff must show either (1) a specific ongoing discriminatory policy or practice; or (2) specific and related instances of discrimination that are permitted to continue unremedied for so long as to amount to a discriminatory practice. See, e.g., id.

[3] In 2002, the Supreme Court held that the continuing violation doctrine does not apply to claims involving discrete discriminatory acts, as opposed to claims alleging a hostile work environment. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-115 (2002). The Morgan decision analyzed Title VII claims and was based on the language of Title VII itself. See, e.g., id. Courts have nonetheless applied this analysis in the context of Section 1983 claims. See, e.g., Young, 2007 WL 1575256, at *4 (analyzing Section 1983 claims for alleged violations of First, Eighth, and Fourteenth Amendment rights); see also Sherman v. Town of Chester, 752 F.3d 554, 566-67 (2d Cir. 2014) ("Although this way of applying a statute of limitations[, analyzing related conduct occurring before the period included in the statute of limitations] is generally used in the employment discrimination context, we have not limited it to that area alone.") (collecting cases and applying the doctrine to a Fifth Amendment takings claim).

Practice Law and Rules ("CPLR") governing causes of actions for which no limitation period applies. (Pl.'s Objections 11.) Plaintiff alternatively argues that the five year statute of limitations governing criminal prosecutions for offenses involving misconduct in public office by a public servant is also applicable. (Id. (citing New York Criminal Procedure Law § 30.10).) These arguments are procedurally improper at this stage. Howell, 2010 WL 930981, at *1. Further, the Complaint explicitly brings claims under Section 1983, and thus the three-year statute of limitations governs. (See, e.g., Compl. pgs. 2, 34, 36; Young, 2007 WL 1575256, at *4.)

There is no clear error in the Report's recommendation that Plaintiff's claims are barred by the three-year statute of limitations and are not saved by the continuing violation doctrine. Plaintiff has not specifically objected to the Report's factual finding that the alleged instances of improper conduct constituted more than discrete acts. Plaintiff instead merely reiterates his previous arguments in conclusory fashion. (See, e.g., Pl.'s Objections 13 ("The final incident, this being the events of November 5, 2008 are temporally close enough in sequence to find that a link existed from when the first incident of misconduct occurred.").) Finding no clear error in the Report's recommendation, the Court grants Defendants' motion to dismiss Plaintiff's Section 1983 claims seeking damages and

11

injunctive relief arising from events occurring before November 4, 2008 as time-barred.

### 5. Plaintiff's Claim for Emotional Distress

The Report recommends dismissing Plaintiff's claim for emotional distress as time-barred. (Report 14-16.)  Plaintiff does not specifically object to this finding but instead generally argues that the five and six year statutes of limitations under New York Criminal Law § 30.10 and C.P.L.R. § 213 are applicable.  (Pl.'s Objections 11.)  Under New York law, claims for emotional distress must be brought within one year.  See Patterson v. Balsamico, 440 F.3d 104, 112 n.4 (2d Cir. 2006) (citing C.P.L.R. § 215(3)).  The Court finds no clear error in the Report's finding that Plaintiff's claim for emotional distress is time-barred, given that the Complaint alleges that the conduct causing severe emotional distress occurred between May 2008 and November 5, 2008, while Plaintiff filed this cause of action more than one year after these incidents, on November 4, 2011.  Accordingly, Plaintiff's claim for intentional infliction of emotional distress is DISMISSED as time-barred.

### 6. Plaintiff's First Amendment Retaliation Claims

The Report recommends that Plaintiff's alleged instances of speech are not protected under the First Amendment and therefore do not support a retaliation claim. (Report 16.)  The Report concludes that Plaintiff's speech was made as an employee to protect his own interests, and not as a private citizen or on matters of public concern. (Id. at 16-17.)  Even assuming it were protected speech, the Report concludes that Plaintiff failed to demonstrate how his speech was a substantial or motivating factor in the adverse employment action. (Id. 18-19.)  Plaintiff generally objects to the Report's recommendation by reiterating conclusory statements that his speech should be construed as protected speech under the First Amendment. (See, e.g., Pl.'s Objections 13.)  The Court reviews this section of the Report for clear error because Plaintiff's objections merely rehash his previous arguments. See Indymac, 2008 WL 4810043, at *1; see also Ortiz, 558 F. Supp. 2d at 451.

Whether Plaintiff's speech is protected from retaliation requires the Court to determine (1) whether the Plaintiff spoke as a citizen on a matter of public concern, and, if so, (2) whether the state agency had an adequate justification for treating the Plaintiff differently from any other member of the

13

general public.  Ruotolo v. City of N.Y., 514 F.3d 184, 188 (2d Cir. 2008) (citations and internal quotation marks omitted). Whether Plaintiff's speech addresses a matter of public concern is a question of law for the Court, and it must be determined by analyzing the content, form, and context of a given statement, as revealed by the record as a whole.  Id. at 189; see also Sousa v. Roque, 578 F.3d 164, 175 (2d Cir. 2009).  "A matter of public concern" relates to "any matter of political, social, or other concern to the community."  Sousa, 578 F.3d at 175.  While a speaker's motive is not dispositive of the inquiry, "speech on a purely private matter, such as an employee's dissatisfaction with the conditions of his employment, does not pertain to a matter of public concern."  Id.  Further, public employees speaking in their official capacities are not speaking as citizens for First Amendment purposes.  Ruotolo, 514 F.3d at 189 (citation omitted).

The Report found that Plaintiff's speech was either merely expressing internal grievances at his employment or was otherwise solely motivated by his personal interest in not being relocated to a different facility in a different borough. (Report 16-18.)  In his objections, Plaintiff merely reiterates arguments previously made and continues to assert that he did not write the allegedly protected correspondence as a result of any personal interest in maintaining his job. (See, e.g., Pl.'s

14

Objections 13.)  Plaintiff is merely reiterating his prior arguments, which do not demonstrate that the speech related to a matter of public concern.  The Court thus finds no clear error in the Report's recommendation.  Plaintiff's claims for retaliation under the First Amendment are therefore DISMISSED.

### 7. Plaintiff's Claims Against Defendants Carrion and Murphy

The Report recommends that Plaintiff's claims against Defendants Carrion and Murphy be dismissed because the Complaint fails to allege that either Defendant Carrion or Murphy was directly or personally involved in the alleged retaliatory acts (the forced resignation).  (Report 19-20.)  Supervisory liability in a Section 1983 action requires "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring."  Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003) (citation omitted).  Because supervisory liability under

Section 1983 requires some sort of personal involvement by the superiors, liability cannot rest on the theory of respondeat superior.  Id. at 144-45.

Plaintiff does not specifically object to the Report's recommendation and instead merely repeats his argument that Plaintiff's denied Freedom of Information Law requests may have shed light on whether Defendants Carrion and Murphy were directly involved in the allegedly improper conduct.  (Objections 4, 6-7, 11.)  Plaintiff is merely rehashing his earlier arguments, and thus the Court reviews this section of the Report for clear error.  Indymac, 2008 WL 4810043, at *1; see also Ortiz, 558 F. Supp. 2d at 451.  The Report properly concludes that the Complaint fails to allege that Defendants Carrion and Murphy were directly involved in the alleged retaliatory acts.  Accordingly, the Court finds no clear error and DISMISSES Plaintiff's claims against Defendants Carrion and Murphy.

8. Plaintiff's Claims Against Defendants In Their Individual Capacities

The Report recommends dismissing Plaintiff's claims against Defendants in their individual capacities because each defendant is shielded from liability by the doctrine of qualified

immunity. (Report 20-21.) This is because (1) Plaintiff failed to allege facts which would constitute a constitutional violation, (2) no constitutional rights were clearly established at the time of the incident, and (3) each individual defendant's action was objectively reasonable. (Report 21.)

Qualified immunity is a doctrine that protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). Courts are to analyze the following two issues in the order most appropriate under the circumstances: (1) whether a Constitutional right would have been violated on the facts alleged, and (2) whether the constitutional right was "clearly established" at the time of the violation. <u>Id.</u> at 236.[4] The Report found that Plaintiff failed to defeat the qualified immunity defense because Plaintiff failed to allege facts that would constitute a

---

[4] The Report was in error to the extent it stated that the first inquiry must be whether a constitutional right would have been violated on the facts alleged, turning only to whether the right was clearly established after such an inquiry. (Report 20-21.) The Supreme Court in <u>Pearson</u> reconsidered this procedure and held that the order that the Magistrate Judge applied is no longer mandatory; instead "district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." <u>Pearson</u>, 555 U.S. at 236. The Report's error is harmless though, because Plaintiff's claims fail regardless of which prong is addressed first.

17

constitutional violation. (Report 21.) Plaintiff does not specifically object to any of the Report's findings regarding qualified immunity; instead, Plaintiff merely reiterates his arguments that his denied Freedom of Information Law requests may shed light on this issue. (See, e.g., Pl.'s Objections 2-11.) The Court therefore reviews this portion of the Report for clear error. Finding none, the Court DISMISSES Plaintiff's claims against the individual defendants on the grounds of qualified immunity.

III.    Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Ronald L. Ellis dated April 29, 2013, this Court APPROVES, and ADOPTS the factual findings and recommendations as modified herein. Accordingly, Defendants' Motion to Dismiss is GRANTED in its entirety. The Clerk of Court is directed to close the docket in this case.

Dated:    March 23, 2015
          New York, New York

*Deborah A. Batts*
Deborah A. Batts
United States District Judge